803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM ROBERT DONALDSON, Petitioner-Appellant
v.
DALE FOLTZ, Respondent-Appellee.
 No. 86-1069.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1986.
 
 Before: KENNEDY and MARTIN, Circuit Judges; PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The petitioner raises two issues in his pro se appeal from the District Court's December 13, 1985 denial of his petition for writ of habeas corpus. In conjunction with his appeal petitioner has also filed motions for appointment of counsel and permission to proceed in forma pauperis.
 
 
 2
 First, he contends that he was deprived of his Sixth Amendment right to a speedy trial when his trial commenced exactly five years after the warrant for his arrest was issued on April 19, 1974.
 
 
 3
 Second, he asserts that he was denied his Sixth Amendment right to the assistance of counsel when the state court failed to appoint an attorney for him at the time the complaint and warrant were issued. At that time, petitioner was serving a seven (7) year sentence in Canada for armed robbery and Canada refused to extradite him to the United States until his sentence was served.
 
 
 4
 As the District Court noted, the extradition treaty between Canada and the United States, at that time, allowed Canada to refuse to extradite under such circumstances. In United States v. Hooker, 607 F.2d 286, 289 (9th Cir. 1979), cert. denied, 445 U.S. 905 (1980), the Court held that time spent in a foreign country's prison is not to be counted in determining whether the United States had denied the individual a speedy trial. Petitioner actually spent approximately eight (8) months under Michigan's jurisdiction prior to his trial date. He was afforded a speedy trial.
 
 
 5
 Petitioner was not denied his Sixth Amendment right to counsel by failure of the state court to appoint an attorney for petitioner until after his return to Michigan. The right to counsel attaches at any critical confrontation by the prosecution at pretrial proceedings where the results might determine the accused's fate and where the absence of counsel might derogate the right to a fair trial. United States v. Wade, 388 U.S. 218 (1967). However, although petitioner was formally charged with murder in 1974, he did not face critical confrontation by the prosecution until his return to Michigan in 1978, when he was arraigned on the murder charge. There is no allegation that he was denied counsel after he returned to Michigan.
 
 
 6
 For these reasons, it is ORDERED that the District Court's judgment be affirmed. Sixth Circuit Rule 9(d)(3). Therefore, the motions for counsel and to proceed in forma pauperis are also denied.